LAND, J.
 

 Plaintiff company is the holder of four promissory notes executed by the Eunice Hardware & Implement Company through its secretary and treasurer, Louis Mayer.
 

 Three of the notes are of date May 24, 1923, and are payable respectively on or before December 1, 1925, 1926, and 1927. The fourth note is of date April 25, 1925, and is payable February 1, 1926.
 

 These notes are alleged to be secured by the indorsement of Frankel & Mayer, a commercial copartnership composed of Jack Frankel, a resident of Acadia parish, and Louis Mayer, a resident of the parish of St. Landry.
 

 The commercial copartnership of Frankel & Mayer, in its answer to plaintiff’s petition, admits that plaintiff is the holder of the notes sued upon, but denies the liability of said firm and of Jack Frankel, a member thereof, on the ground that the indorsement of Frankel & Mayer on said notes was made by Louis Mayer without the knowledge or consent of said firm.
 

 The defendant Jack Frankel, in his individual answer, specifically denies the liability of the firm of Frankel & Mayer and his individual liability on the notes in question.
 

 Plaintiff company has • filed a plea of estoppel against the defense set up in the answers of defendants, based upon the alleged ratification of the unauthorized act of Louis Mayer in placing the firm’s indorsement on said notes, by the silence and inaction of its' members, and especially of Jack Frankel,’ as to the lack of authority of Louis Mayer, and by reason of alleged benefits received by the late Eunice Hardware & Implement Company from said indorsement.
 

 The trial judge, after reviewing the evidence, held that plaintiff company had failed to establish any authority for said indorsement upon the part of Louis Mayer, or any ratification of the unauthorized indorsement of the firm’s name on said notes.
 

 Plaintiff’s suit against the copartnership1 of Frankel & Mayer and Jack Frankel individually was dismissed, and judgment was rendered against Louis Mayer individually for the balance due on the notes. Plaintiff company has appealed.
 

 At the date of the institution of the present suit, March 19, 1926, the Eunice Hardware & Implement Company had been discharged in bankruptcy, and Louis Mayer, a member of the firm of Frankel & Mayer, had become insolvent. Hence the necessity of a judgment in this case against the firm of Frankel & Mayer and Jack Frankel individually.
 

 The Eunice Hardware & Implement Company and the firm of Frankel & Mayer were located at Eunice, St. Landry parish, La. Louis Mayer, secretary and treasurer of the Eunice Hardware &' Implement Company, and also a member of the firm of Frankel & •Mayer, resided at Eunice. Jack Frankel, the other member of the firm of Frankel
 
 &
 
 Mayer, lived at Crowley, Acadia parish, La. Plaintiff makes it plain that the notes sued upon are renewal notes and represent the balance due on two invoices of the year, 1920.
 

 During the period 1920 to 1925, Jack Frankel was in Crowley. Geo. T. Guillett, as vice president and manager of the Eunice Hardware & Implement Company, and his secretary, Mr. Dubourg, conducted the correspondence between that company and plain.
 
 *207
 
 tiff company. There were only three stockholders in the Eunice Hardware & Implement Company, Jack Frankel, president, Louis Mayer, secretary and treasurer, and Geo. Guillett, vice president and manager, who attended to the business of the company almost entirely, Louis Mayer having very little connection with it.
 

 Guillett and Mayer both testify that Jack Frankel was not informed at any time as to the firm’s indorsement on plaintiff company’s -notes, or as to the firm’s signature to any agreement or guaranty to place the firm’s name as security on any notes held by plaintiff company.
 

 The testimony of these two witnesses is fully corroborated by that of Jack Frankel, who has resided at Crowley, La., for over 39 years, who has been president of the Bank of Acadia in Crowley for over 20 years, and who is connected as a member of the board of directors with various corporations.
 

 •Frankel testifies positively that he did not authorize the indorsement of Frankel & Mayer on the notes sued upon; that he had never seen these notes, and had never granted any authority to Louis Mayer or to any ope else to sign the copartnership name, except for its own individual liability. Frankel also denies that he has received at any time any letter addressed to him by plaintiff company with reference to these notes, or to the indorsement upon them,, or any notice of protest of the-notes.
 

 He states that from 1919 to 1922 his wife was dangerously ill and finally died in 1922; that his entire time was practically given to attending her; and that, if any letters came concerning these notes, they were never called to his attention, but presumably were fprw.arded to the Eunice Hardware & Implement Company by some one in his office. The witness makes it clear that he held the office of president of the. Eunice Hardware
 
 &
 
 Implement Company as a sort of complimentary- position, keeping in touch with the business only for the first few years in 1907 and 1908, until it became a going concern. He received no salary, emoluments, nor dividends from the company.
 

 The business conducted at Eunice by Frankel & Mayer in 1923, and for several years prior thereto, was a dry goods and grocery store. There was no connection whatever between that business and the Eunice Hardware & Implement Company, the former being a commercial partnership, and the latter a corporation created under the laws of this state, and engaged in trade of an entirely different character.
 

 Plaintiff company was well aware, when these notes were indorsed, “Frankel & May-' er, per Louis Mayer,” that it was accepting the security of a commercial partnership on a corporation note, without any inquiry whatever as to Louis Mayer’s authority to indorse his firm’s name on the paper, and for a purpose entirely foreign to the business conducted by the Frankel
 
 &
 
 Mayer firm.
 

 • Plaintiff company was fully advised that Louis Mayer was binding his firm for the debt of a third person, and if was the plain duty of plaintiff company to have required, at the time, evidence .of that partner’s special authority to bind his partner.
 

 As early as October 22, 1921, plaintiff company 'insisted upon having the renewal notes indorsed by J. Frankel and Louis Mayer individually.
 

 In a letter of November 10, 1921, plaintiff’s request for these individual indorsements .was recalled, in the interest of harmony.
 

 In plaintiff’s letter of November 4, 1921, it is made clear that the Eunice Hardware & Implement Company had refused to place the individual indorsements of Jack Frankel and ,Louis Mayer on the notes. The plain reason for this refusal was that Master and Guillett had been using. the '.firm name of
 
 *209
 
 Frankel & Mayer, without the knowledge or consent of Jack Frankel, to tide matters oyer, if possible, and well knew, as they admit, that Frankel would not have consented either to the firm’s indorsement or to his own on these notes. We fail to see in what way the firm of Frankel & Mayer was benefited by the purported indorsement on the notes held by plaintiff company.
 

 The Eunice Hardware & Implement Company is bankrupt, and Jack Frankel has never received one cent of salary or dividend from its coffers.
 

 The trial judge has accepted as credible and trustworthy the testimony of defendant and his witnesses. We find no good reason why we should not do so, and therefore approve his finding of facts in the case.
 

 Judgment affirmed.
 

 ST. PAUL, X, dissents.